IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Melody Ward,                          :

          Plaintiff,                  :

     v.                               :        Case No. 2:11-cv-575

American Pizza Company, et al.,       :        JUDGE MICHAEL H. WATSON
                                               Magistrate Judge Kemp
                                      :

          Defendants.


OPINION AND ORDER

        This matter is before the Court to consider several pending
motions.  The majority of these motions have been filed by
plaintiff Melody Ward and include a "motion to order defendant to
produce documents" (#17), two motions for judicial review (#19
and #26), and a motion for default judgment (#31).  Ms. Ward also
has filed two amendments to her complaint (#20 and #27).  Also
pending is a motion to compel filed by defendant America Pizza
Company (#23).  For the following reasons, the motion to compel
will be granted and all other motions will be denied.

I.  Background

        Ms. Ward worked as a delivery driver for American Pizza from
September, 2008 until September, 2009.  She filed this employment
discrimination case under Title VII of the Civil Rights Act of
1964, 42 U.S.C. §§2000e et seq., asserting that she was denied
health insurance, given fewer hours to work and ultimately fired
due to her age and sex.  In her complaint, in addition to
American Pizza, Ms. Ward named as defendants Pamela Carter, John
Fife, Andy Sikes, and Kevin Snyder. By order dated March 6, 2012,
this Court dismissed the  individual defendants because they were
not "employers" within the meaning of Title VII.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Melody Ward,                    :

        Plaintiff,              :

    v.                          :        Case No. 2:11-cv-575

American Pizza Company, et al., :        JUDGE MICHAEL H. WATSON
                                         Magistrate Judge Kemp
                                :

        Defendants.


OPINION AND ORDER

    This matter is before the Court to consider several pending motions.  The majority of these motions have been filed by plaintiff Melody Ward and include a "motion to order defendant to produce documents" (#17), two motions for judicial review (#19 and #26), and a motion for default judgment (#31).  Ms. Ward also has filed two amendments to her complaint (#20 and #27).  Also pending is a motion to compel filed by defendant America Pizza Company (#23).  For the following reasons, the motion to compel will be granted and all other motions will be denied.

I. Background

    Ms. Ward worked as a delivery driver for American Pizza from September, 2008 until September, 2009.  She filed this employment discrimination case under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e et seq., asserting that she was denied health insurance, given fewer hours to work and ultimately fired due to her age and sex.  In her complaint, in addition to American Pizza, Ms. Ward named as defendants Pamela Carter, John Fife, Andy Sikes, and Kevin Snyder. By order dated March 6, 2012, this Court dismissed the  individual defendants because they were not "employers" within the meaning of Title VII.

II.  <u>Ms. Ward's Motion to Produce Documents and Motions</u>
<u>for Judicial Review</u>

Although from a review of the docket it appears that Ms.
Ward has filed three separate motions, two of these motions -
Docs. #19 and #26 seeking judicial review - are identical.  The
gist of these motions, along with the motion to produce (#17),
while certainly less than clear, appears to be the same.  Ms.
Ward is seeking certain documents from her personnel file which
she believes will demonstrate that American Pizza "has fabricated
dates upon dates and shuffled paper work from agency to another
adding and omitting as needed."  <u>See</u> Doc. #17.  Further, she
contends that "the production of documents will show evidence of
fraud in."  <u>See</u> Docs. #19 and #26.  Not only is Ms. Ward seeking
such documents, she wants the Court to review these documents.

American Pizza has responded to each of Ms. Ward's filings
individually.  With respect to the motion to produce documents,
American Pizza contends that this motion should be denied for
several reasons.  First, American Pizza argues that Ms. Ward has
not issued any discovery requests so that, to the extent her
motion is intended as a motion to compel, it does not comply with
the Federal Rules of Civil Procedure.  Further, American Pizza
asserts that it produced many documents in its initial
disclosures and Ms. Ward has not provided any evidence in support
of her falsification claims.  Additionally, American Pizza
maintains that Ms. Ward's motion is moot because it has
identified and obtained original documents and has provided Ms.
Ward with dates for her inspection.  American Pizza makes similar
arguments in response to the motions for judicial review.

The Court agrees that Ms. Ward's motion to produce documents
should be denied for the reasons cited by American Pizza.  Ms.
Ward does not dispute that she has not served any discovery
requests on American Pizza.  No formal discovery requests are

2

## II.  <u>Ms. Ward's Motion to Produce Documents and Motions for Judicial Review</u>

Although from a review of the docket it appears that Ms. Ward has filed three separate motions, two of these motions - Docs. #19 and #26 seeking judicial review - are identical.  The gist of these motions, along with the motion to produce (#17), while certainly less than clear, appears to be the same.  Ms. Ward is seeking certain documents from her personnel file which she believes will demonstrate that American Pizza "has fabricated dates upon dates and shuffled paper work from agency to another adding and omitting as needed." <u>See</u> Doc. #17.  Further, she contends that "the production of documents will show evidence of fraud in." <u>See</u> Docs. #19 and #26.  Not only is Ms. Ward seeking such documents, she wants the Court to review these documents.

American Pizza has responded to each of Ms. Ward's filings individually.  With respect to the motion to produce documents, American Pizza contends that this motion should be denied for several reasons.  First, American Pizza argues that Ms. Ward has not issued any discovery requests so that, to the extent her motion is intended as a motion to compel, it does not comply with the Federal Rules of Civil Procedure.  Further, American Pizza asserts that it produced many documents in its initial disclosures and Ms. Ward has not provided any evidence in support of her falsification claims.  Additionally, American Pizza maintains that Ms. Ward's motion is moot because it has identified and obtained original documents and has provided Ms. Ward with dates for her inspection.  American Pizza makes similar arguments in response to the motions for judicial review.

The Court agrees that Ms. Ward's motion to produce documents should be denied for the reasons cited by American Pizza.  Ms. Ward does not dispute that she has not served any discovery requests on American Pizza.  No formal discovery requests are

2

attached to her motions, and nowhere in any of her other filings is there a copy of any formal discovery requests served on American Pizza. Before moving the Court for an order directing American Pizza to produce any discovery, Ms. Ward must first serve American Pizza with a request for discovery. See Fed.R.Civ.P. 37(a)(3)(B). Moreover, Ms. Ward does not dispute American Pizza's representations that it has produced certain documents to her and provided her with dates upon which original documents would be produced for her inspection, or that she has not taken American Pizza up on its offer for her to inspect documents.

Ms. Ward's motions for judicial review will be denied for essentially the same reasons. While American Pizza is correct that the precise relief Ms. Ward seeks through these motions is unclear, she may be requesting something in the nature of an *in camera* review of the documents she seeks. However, absent the assertion of some legal privilege (and none has been made here), the Court will not review documents *in camera* at this stage of the proceedings. See Thomas & Marker Const. Co. v. Wal-Mart Stores, Inc., 2008 WL 3200642, *3 (S.D. Ohio August 6, 2008)(Rose, J.). It appears that Ms. Ward may be asking that the Court make some determination as to the legal effect of any alleged discrepancy between documents she may have received and documents she is seeking, but it would not be appropriate for the Court to review these or any other discovery documents in the absence of some legitimate dispute about their authenticity, and none exists on this record.

III. Motion for Default Judgment

Ms. Ward has filed a motion captioned as "'Default Judgment'": negligence Request: Magistrate Kemp's venue." In this filing, Ms. Ward again requests the Court's "help in overseeing original documents APC contains." The primary focus

3

attached to her motions, and nowhere in any of her other filings
is there a copy of any formal discovery requests served on
American Pizza.  Before moving the Court for an order directing
American Pizza to produce any discovery, Ms. Ward must first
serve American Pizza with a request for discovery.  See
Fed.R.Civ.P. 37(a)(3)(B).  Moreover, Ms. Ward does not dispute
American Pizza's representations that it has produced certain
documents to her and provided her with dates upon which original
documents would be produced for her inspection, or that she has
not taken American Pizza up on its offer for her to inspect
documents.

Ms. Ward's motions for judicial review will be denied for
essentially the same reasons.  While American Pizza is correct
that the precise relief Ms. Ward seeks through these motions is
unclear, she may be requesting something in the nature of an *in
camera* review of the documents she seeks.  However, absent the
assertion of some legal privilege (and none has been made here),
the Court will not review documents *in camera* at this stage of
the proceedings.  See Thomas & Marker Const. Co. v. Wal-Mart
Stores, Inc., 2008 WL 3200642, *3 (S.D. Ohio August 6,
2008)(Rose, J.).  It appears that Ms. Ward may be asking that the
Court make some determination as to the legal effect of any
alleged discrepancy between documents she may have received and
documents she is seeking, but it would not be appropriate for the
Court to review these or any other discovery documents in the
absence of some legitimate dispute about their authenticity, and
none exists on this record.

III.  Motion for Default Judgment

Ms. Ward has filed a motion captioned as "'Default
Judgment'": negligence Request: Magistrate Kemp's venue."  In
this filing, Ms. Ward again requests the Court's "help in
overseeing original documents APC contains."  The primary focus

3

of this filing, however, appears to be a request for default
judgment against American Pizza because defense counsel
electronically mailed unredacted documents to her.  According to
Ms. Ward, she had requested that such documents be sent to her
only through the U.S. mail to protect her from potential identity
theft.

In response, American Pizza contends that, although it was
not obligated to, it redacted personally identifying information
before transmitting its initial disclosures to Ms. Ward via e-
mail.  In support of this position, it has attached its initial
disclosure pleading, its redaction log, and its cover letter to
Ms. Ward.  Ms. Ward has not filed a reply.

Ms. Ward's filing suggests that what she is asking for is a
default judgment as a discovery sanction under Fed.R.Civ.P. 37.
The Court of Appeals has described entry of a default judgment as
the most severe discovery sanction available.  See Grange Mutual
Cas. Co. v. Mack, 270 Fed.Appx. 372, 376 (6th Cir. 2008).  As the
court explained in Grange, such a sanction should be considered
only when "1) the disobedient party acted in wilful bad faith; 2)
the opposing party suffered prejudice; 3) the court warned the
disobedient party that the failure to cooperate could result in a
default judgment; and 4) less drastic sanctions have been
attempted." Vogerl v. Elliott, 2010 WL 4683950, *2 (S.D. Ohio
September 9, 2010) citing Grange at 276.  None of the above
criteria supporting an entry of default judgment are present
here, and the Court will decline to impose any discovery sanction
on American Pizza, let alone the most severe sanction available.

IV.  Amendments to Complaint

Only Ms. Ward's first proposed "amendment to complaint" is
reflected on the Court's docket as a motion to amend.  The second
filing, which is identical in content to the first, is reflected
on the docket simply as an amended complaint.  American Pizza has

4

of this filing, however, appears to be a request for default judgment against American Pizza because defense counsel electronically mailed unredacted documents to her.  According to Ms. Ward, she had requested that such documents be sent to her only through the U.S. mail to protect her from potential identity theft.

In response, American Pizza contends that, although it was not obligated to, it redacted personally identifying information before transmitting its initial disclosures to Ms. Ward via e-mail.  In support of this position, it has attached its initial disclosure pleading, its redaction log, and its cover letter to Ms. Ward.  Ms. Ward has not filed a reply.

Ms. Ward's filing suggests that what she is asking for is a default judgment as a discovery sanction under Fed.R.Civ.P. 37. The Court of Appeals has described entry of a default judgment as the most severe discovery sanction available.  See Grange Mutual Cas. Co. v. Mack, 270 Fed.Appx. 372, 376 (6th Cir. 2008).  As the court explained in Grange, such a sanction should be considered only when "1) the disobedient party acted in wilful bad faith; 2) the opposing party suffered prejudice; 3) the court warned the disobedient party that the failure to cooperate could result in a default judgment; and 4) less drastic sanctions have been attempted."  Vogerl v. Elliott, 2010 WL 4683950, *2 (S.D. Ohio September 9, 2010) citing Grange at 276.  None of the above criteria supporting an entry of default judgment are present here, and the Court will decline to impose any discovery sanction on American Pizza, let alone the most severe sanction available.

IV.   Amendments to Complaint

Only Ms. Ward's first proposed "amendment to complaint" is reflected on the Court's docket as a motion to amend.  The second filing, which is identical in content to the first, is reflected on the docket simply as an amended complaint.  American Pizza has

4

responded to both filings, and Ms. Ward has not filed a reply. Because these filings are identical, they will be addressed together.

Ms. Ward has not attached a proposed amended complaint to either of these filings. Rather, to the extent that she is attempting to propose any amendments at all, she appears to do so in narrative form in the body of these filings. The gist of these filings is unclear. On one hand, it appears that Ms. Ward seeks to amend her complaint to add a claim under Ohio Revised Code §4123.90 for workers' compensation retaliation and a claim under §4112.02 for disability discrimination. However, the Court's review of the original complaint reveals that much of the language contained in Ms. Ward's proposed amendments is virtually identical to language set forth in the original complaint, which, the Court notes, also is set forth in narrative form. Additionally, both Ohio Revised Code sections cited in Ms. Ward's proposed amendments are cited in her original complaint.

On the other hand, in the final sentence of her filings, Ms. Ward states, "Please review my amended complaint to workers compensation retaliation in addition to discrimination based on age and sex." The meaning of this sentence and Ms. Ward's intention is unclear. The Court notes that Ms. Ward cites Title VII in her original complaint and in the EEOC Charge attached to it. However, the original complaint does not refer to the ADEA with respect to an age discrimination claim, although such a claim is mentioned in the EEOC charge form. Regardless, there are no specific factual allegations relating to age or sex discrimination anywhere in the filings Ms. Ward has identified as "amended complaints".

American Pizza contends that Ms. Ward's proposed amendments were filed after the deadline for amendments to pleadings and are therefore untimely. Further, it argues that Ms. Ward's filings

5

responded to both filings, and Ms. Ward has not filed a reply. Because these filings are identical, they will be addressed together.

Ms. Ward has not attached a proposed amended complaint to either of these filings. Rather, to the extent that she is attempting to propose any amendments at all, she appears to do so in narrative form in the body of these filings. The gist of these filings is unclear. On one hand, it appears that Ms. Ward seeks to amend her complaint to add a claim under Ohio Revised Code §4123.90 for workers' compensation retaliation and a claim under §4112.02 for disability discrimination. However, the Court's review of the original complaint reveals that much of the language contained in Ms. Ward's proposed amendments is virtually identical to language set forth in the original complaint, which, the Court notes, also is set forth in narrative form. Additionally, both Ohio Revised Code sections cited in Ms. Ward's proposed amendments are cited in her original complaint.

On the other hand, in the final sentence of her filings, Ms. Ward states, "Please review my amended complaint to workers compensation retaliation in addition to discrimination based on age and sex." The meaning of this sentence and Ms. Ward's intention is unclear. The Court notes that Ms. Ward cites Title VII in her original complaint and in the EEOC Charge attached to it. However, the original complaint does not refer to the ADEA with respect to an age discrimination claim, although such a claim is mentioned in the EEOC charge form. Regardless, there are no specific factual allegations relating to age or sex discrimination anywhere in the filings Ms. Ward has identified as "amended complaints".

American Pizza contends that Ms. Ward's proposed amendments were filed after the deadline for amendments to pleadings and are therefore untimely. Further, it argues that Ms. Ward's filings

5

are procedurally defective and should be stricken from the record in this case.

With respect to Ms. Ward's proposed amendments, although motions to amend are evaluated under the standards in Fed. R. Civ. P. 15(a), which states that leave to amend shall be given freely when justice so requires, that rule cannot be read in isolation. Rather, as the Court of Appeals has recently pointed out in Leary v. Daeschner, 349 F.3d 888 (6th Cir. 2003), Rules 15(a) and 16(b) must be read together. Fed.R.Civ.P. 16(b) requires the Court, in each civil action which is not exempt from that rule, to "enter a scheduling order that limits the time" to, inter alia, file motions, identify expert witnesses, and complete discovery. The rule further provides that "[a] schedule shall not be modified except upon a showing of good cause ...." Consequently, the Court is permitted to examine the standard factors governing amendments of the complaints under Rule 15(a) only if it is satisfied that any prior date for the filing of a motion for leave to amend either has been met or is properly extended under the good cause provisions of Rule 16(b).

In its pretrial order of October 12, 2011, the Court established October 18, 2011, as the deadline for any amendments to the pleadings, the date recommended by the parties in their Rule 26(f) report. Ms. Ward's proposed amendments were filed on November 23, 2011, and again on January 25, 2012. Without question, Ms. Ward's filings were made well after the deadline. Consequently, the Court must consider whether she has established good cause for a modification of the Court's pretrial order.

Although the Court has broad discretion to modify its own pretrial orders, it must be remembered that "[a]dherence to reasonable deadlines is ... critical to maintaining integrity in court proceedings," Rouse v. Farmers State Bank, 866 F.Supp. 1191, 1199 (N.D. Iowa 1994), and that pretrial scheduling orders

6

are procedurally defective and should be stricken from the record
in this case.

With respect to Ms. Ward's proposed amendments, although
motions to amend are evaluated under the standards in Fed. R.
Civ. P. 15(a), which states that leave to amend shall be given
freely when justice so requires, that rule cannot be read in
isolation.  Rather, as the Court of Appeals has recently pointed
out in Leary v. Daeschner, 349 F.3d 888 (6th Cir. 2003), Rules
15(a) and 16(b) must be read together.  Fed.R.Civ.P. 16(b)
requires the Court, in each civil action which is not exempt from
that rule, to "enter a scheduling order that limits the time" to,
inter alia, file motions, identify expert witnesses, and complete
discovery.  The rule further provides that "[a] schedule shall
not be modified except upon a showing of good cause ...."
Consequently, the Court is permitted to examine the standard
factors governing amendments of the complaints under Rule 15(a)
only if it is satisfied that any prior date for the filing of a
motion for leave to amend either has been met or is properly
extended under the good cause provisions of Rule 16(b).

In its pretrial order of October 12, 2011, the Court
established October 18, 2011, as the deadline for any amendments
to the pleadings, the date recommended by the parties in their
Rule 26(f) report.  Ms. Ward's proposed amendments were filed on
November 23, 2011, and again on January 25, 2012.  Without
question, Ms. Ward's filings were made well after the deadline.
Consequently, the Court must consider whether she has established
good cause for a modification of the Court's pretrial order.

Although the Court has broad discretion to modify its own
pretrial orders, it must be remembered that "[a]dherence to
reasonable deadlines is ... critical to maintaining integrity in
court proceedings," Rouse v. Farmers State Bank, 866 F.Supp.
1191, 1199 (N.D. Iowa 1994), and that pretrial scheduling orders

6

are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." Id. at 1198. In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the Court is mindful that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines." Deghand v. Wal-Mart Stores, 904 F.Supp. 1218, 1221 (D. Kan. 1995). The focus is primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause. Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995). Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Dilmer Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997). Further, although the primary focus of the inquiry is upon the moving party's diligence, the presence or absence of prejudice to the other party or parties is a factor to be considered. Inge v. Rock Financial Corp., 281 F.3d 613 (6th Cir. 2002). The Court of Appeals has made it clear that this standard applies to any deadline set in a Rule 16 order, such as a date by which motions to amend the pleadings must be made (see Inge, supra), a discovery cutoff date (see Commerce Benefits Group v. McKesson Corp., 326 Fed. Appx. 2369 (6th Cir. May 20, 2009)), or a date for filing summary judgment motions (see Andretti v. Borla Performance Industries, 426 F.3d 824 (6th Cir. 2005)). It is with these standards in mind that Ms. Ward's motions will be decided.

Ms. Ward has not addressed the issue of good cause in terms of Rule 16(b) in either of her filings. She does, however, state in the first sentence of these filings she made them "[a]fter reviewing discovery and defendant Interrogatory an amendment to the initial complaint...." To the extent that this statement can

7

are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." Id. at 1198. In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the Court is mindful that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines." Deghand v. Wal-Mart Stores, 904 F.Supp. 1218, 1221 (D. Kan. 1995). The focus is primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause. Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995). Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Dilmer Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997). Further, although the primary focus of the inquiry is upon the moving party's diligence, the presence or absence of prejudice to the other party or parties is a factor to be considered. Inge v. Rock Financial Corp., 281 F.3d 613 (6th Cir. 2002). The Court of Appeals has made it clear that this standard applies to any deadline set in a Rule 16 order, such as a date by which motions to amend the pleadings must be made (see Inge, supra), a discovery cutoff date (see Commerce Benefits Group v. McKesson Corp., 326 Fed. Appx. 2369 (6th Cir. May 20, 2009)), or a date for filing summary judgment motions (see Andretti v. Borla Performance Industries, 426 F.3d 824 (6th Cir. 2005)). It is with these standards in mind that Ms. Ward's motions will be decided.

Ms. Ward has not addressed the issue of good cause in terms of Rule 16(b) in either of her filings. She does, however, state in the first sentence of these filings she made them "[a]fter reviewing discovery and defendant Interrogatory an amendment to the initial complaint...." To the extent that this statement can

7

be read as suggesting that the results of discovery have prompted her need to amend her complaint after the established deadline, the Court is not persuaded.  First, although Ms. Ward mentions discovery, as discussed above, she has not undertaken any discovery in this case.  To the extent that by the term "discovery," Ms. Ward is referring to American Pizza's initial disclosures, the record indicates that these disclosures were sent to Ms. Ward by electronic and regular mail on September 27, 2011, a date well in advance of the October 18, 2011, deadline. See Doc. #32, Exhs. A-C.  Further, as noted above, Ms. Ward's proposed amendments are virtually identical to statements made in her original complaint.  Finally, to the extent that Ms. Ward may be attempting to add sex and age discrimination claims, the language of her original complaint, the EEOC form attached to that document, or both, make reference to information suggesting that Ms. Ward was aware of these potential claims at the time she filed her original complaint on July 6, 2011.

For all of these reasons, Ms. Ward has not met the good cause requirement of Rule 16(b), and her motions to amend her complaint will be denied.  Consequently, the Court need not address whether Ms. Ward has satisfied the requirements of Rule 15(a).  However, the Court notes that, had an analysis under Rule 15(a) been warranted, it is not at all clear that Ms. Ward's proposed amendments would have succeeded.  Absent any specific factual allegations to support any proposed amended claims, it is unlikely that Ms. Ward's filings would have survived a challenge to their sufficiency, and leave to amend may be denied based on the futility of any proposed amendments.  Finally, because Ms. Ward's second filing is reflected on the Court's docket as an amended complaint rather than a motion, it will be stricken from the record in this case as having been filed without leave of court.

be read as suggesting that the results of discovery have prompted her need to amend her complaint after the established deadline, the Court is not persuaded. First, although Ms. Ward mentions discovery, as discussed above, she has not undertaken any discovery in this case. To the extent that by the term "discovery," Ms. Ward is referring to American Pizza's initial disclosures, the record indicates that these disclosures were sent to Ms. Ward by electronic and regular mail on September 27, 2011, a date well in advance of the October 18, 2011, deadline. See Doc. #32, Exhs. A-C. Further, as noted above, Ms. Ward's proposed amendments are virtually identical to statements made in her original complaint. Finally, to the extent that Ms. Ward may be attempting to add sex and age discrimination claims, the language of her original complaint, the EEOC form attached to that document, or both, make reference to information suggesting that Ms. Ward was aware of these potential claims at the time she filed her original complaint on July 6, 2011.

For all of these reasons, Ms. Ward has not met the good cause requirement of Rule 16(b), and her motions to amend her complaint will be denied. Consequently, the Court need not address whether Ms. Ward has satisfied the requirements of Rule 15(a). However, the Court notes that, had an analysis under Rule 15(a) been warranted, it is not at all clear that Ms. Ward's proposed amendments would have succeeded. Absent any specific factual allegations to support any proposed amended claims, it is unlikely that Ms. Ward's filings would have survived a challenge to their sufficiency, and leave to amend may be denied based on the futility of any proposed amendments. Finally, because Ms. Ward's second filing is reflected on the Court's docket as an amended complaint rather than a motion, it will be stricken from the record in this case as having been filed without leave of court.

8

V.  <u>American Pizza's Motion to Compel</u>

The final pending motion is American Pizza's motion to
compel.  In this motion, American Pizza states that Ms. Ward has
not responded to any outstanding written discovery despite two
requests.  American Pizza also notes that Ms. Ward has failed to
provide initial disclosures as required by Fed.R.Civ.P. 26.
According to American Pizza, it served Ms. Ward with a first set
of interrogatories and a first request for production of
documents on October 20, 2011.  Following Ms. Ward's failure to
respond, American Pizza issued demands for responses by way of
two letters dated November 30, 2011 and December 22, 2011.  In
response, on December 28, 2011, Ms. Ward advised American Pizza
to proceed with a motion to compel.

On January 13, 2012, American Pizza filed its motion to
compel and attached copies of its discovery requests.  By order
dated January 18, 2012, the Court directed Ms. Ward to provide
the overdue discovery or face sanctions.  On January 25, 2012,
Ms. Ward filed a two-page response to the motion to compel
requesting that it be denied.  In this response, Ms. Ward states
that her motions filed October 21 and November 23, Documents #17
and #19, discussed above, were filed in response to American
Pizza's discovery requests.  Further, she states that the
interrogatories have asked for personal information and that she
is concerned about its being disclosed to the public.  She also
states, however, that "[a]nswering to their discovery is not an
issue."  Again, she requests that the Court "negotiate the venue,
where such documents can be viewed" by counsel and the Court.
She also suggests that she has some identity theft concerns over
responding by electronic mail and believes some of the questions
have been asked previously, although she does not identify which
ones.  Ms. Ward has not attached any discovery responses to her
filing.

V.  <u>American Pizza's Motion to Compel</u>

   The final pending motion is American Pizza's motion to
compel.  In this motion, American Pizza states that Ms. Ward has
not responded to any outstanding written discovery despite two
requests.  American Pizza also notes that Ms. Ward has failed to
provide initial disclosures as required by Fed.R.Civ.P. 26.
According to American Pizza, it served Ms. Ward with a first set
of interrogatories and a first request for production of
documents on October 20, 2011.  Following Ms. Ward's failure to
respond, American Pizza issued demands for responses by way of
two letters dated November 30, 2011 and December 22, 2011.  In
response, on December 28, 2011, Ms. Ward advised American Pizza
to proceed with a motion to compel.

   On January 13, 2012, American Pizza filed its motion to
compel and attached copies of its discovery requests.  By order
dated January 18, 2012, the Court directed Ms. Ward to provide
the overdue discovery or face sanctions.  On January 25, 2012,
Ms. Ward filed a two-page response to the motion to compel
requesting that it be denied.  In this response, Ms. Ward states
that her motions filed October 21 and November 23, Documents #17
and #19, discussed above, were filed in response to American
Pizza's discovery requests.  Further, she states that the
interrogatories have asked for personal information and that she
is concerned about its being disclosed to the public.  She also
states, however, that "[a]nswering to their discovery is not an
issue."  Again, she requests that the Court "negotiate the venue,
where such documents can be viewed" by counsel and the Court.
She also suggests that she has some identity theft concerns over
responding by electronic mail and believes some of the questions
have been asked previously, although she does not identify which
ones.  Ms. Ward has not attached any discovery responses to her
filing.

Briefly, by way of background for purposes of the motion to compel, Fed.R.Civ.P. 33 governs interrogatories to parties.  It states, in relevant part,

> (b)(2) Time to Respond.  The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. ....
>
> (b)(4) Objections.   The grounds for objecting to an interrogatory must be stated with specificity.  Any ground not stated in a timely objection is waived, unless the court, for good cause, excuses the failure.

Fed.R.Civ.P. 34 governs document production requests and provides, in relevant part,

> (b)(2)(A) Time to Respond.  The party to whom the request is directed must respond in writing within 30 days after being served. ....
>
> (b)(2)(B) Responding to Each Item.  For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.
>
> (b)(2)(C) Objections.  An objection to a part of a request must specify the part and permit inspection of the rest.

Under Fed.R.Civ.P. 37, a party may file a motion to compel discovery if the opposing party fails to respond to discovery requests including interrogatories or requests for production of documents.  Fed.R.Civ.P. 37(a)(1), (a)(3)(B)(iii), (iv).

Further, the Court must stress that it is important for all litigants, including those proceeding without counsel, to understand that the Federal Rules of Civil Procedure authorize extremely broad discovery.  United States v. Leggett & Platt, Inc., 542 F.2d 655, 657 (6th Cir. 1976), cert. denied 430 U.S. 945 (1977).  Fed. R. Civ. P. 26 is liberally construed in favor of allowing discovery.  Dunn v. Midwestern Indemnity, 88 F.R.D. 191, 195 (S.D.Ohio 1980).  Any matter that is relevant, in the

Briefly, by way of background for purposes of the motion to compel, Fed.R.Civ.P. 33 governs interrogatories to parties.  It states, in relevant part,

> (b)(2) Time to Respond.  The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. ....

> (b)(4) Objections.  The grounds for objecting to an interrogatory must be stated with specificity.  Any ground not stated in a timely objection is waived, unless the court, for good cause, excuses the failure.

Fed.R.Civ.P. 34 governs document production requests and provides, in relevant part,

> (b)(2)(A) Time to Respond.  The party to whom the request is directed must respond in writing within 30 days after being served. ....

> (b)(2)(B) Responding to Each Item.  For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.

> (b)(2)(C) Objections.  An objection to a part of a request must specify the part and permit inspection of the rest.

Under Fed.R.Civ.P. 37, a party may file a motion to compel discovery if the opposing party fails to respond to discovery requests including interrogatories or requests for production of documents.  Fed.R.Civ.P. 37(a)(1), (a)(3)(B)(iii), (iv).

Further, the Court must stress that it is important for all litigants, including those proceeding without counsel, to understand that the Federal Rules of Civil Procedure authorize extremely broad discovery.  United States v. Leggett & Platt, Inc., 542 F.2d 655, 657 (6th Cir. 1976), cert. denied 430 U.S. 945 (1977).  Fed. R. Civ. P. 26 is liberally construed in favor of allowing discovery.  Dunn v. Midwestern Indemnity, 88 F.R.D. 191, 195 (S.D.Ohio 1980).  Any matter that is relevant, in the

10

sense that it reasonably may lead to the discovery of admissible evidence, and is not privileged, can be discovered.  The concept of relevance during discovery is necessarily broader than at trial, <u>Mellon v. Cooper-Jarrett, Inc.</u>, 424 F.2d 499, 500-501 (6th Cir. 1970), and "[a] court is not permitted to preclude the discovery of arguably relevant information solely because if the information were introduced at trial, it would be 'speculative' at best." <u>Coleman v. American Red Cross</u>, 23 F.3d 1091, 1097 (6th Cir. 1994).  A district court enjoys broad discretion in managing discovery.  <u>Lavado v. Keohane</u>, 992 F.2d 601, 604 (6th Cir. 1993).

Information subject to disclosure during discovery need not relate directly to the merits of the claims or defenses of the parties.  Rather, it may also relate to any of the myriad of fact-oriented issues that arise in connection with the litigation.  <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978).  On the other hand, the Court has the duty to deny discovery directed to matters not legitimately within the scope of Rule 26, and to use its broad discretionary power to protect a party or person from harassment or oppression that may result even from a facially appropriate discovery request.  <u>See Herbert v. Lando</u>, 441 U.S. 153, 177 (1979).  Additionally, the Court has discretion to limit or even preclude discovery which meets the general standard of relevance found in Rule 26(b)(1) if the discovery is unreasonably duplicative, or the burden of providing discovery outweighs the benefits, taking into account factors such as the importance of the requested discovery to the central issues in the case, the amount in controversy, and the parties' resources.  <u>See</u> Fed. R. Civ. P. 26(b)(2).  Finally, the Court notes that the scope of permissible discovery which can be conducted without leave of court has been narrowed somewhat by the December 1, 2000 amendments to the Federal Rules. Rule 26(b) now permits discovery to be had without leave of court if that

11

sense that it reasonably may lead to the discovery of admissible evidence, and is not privileged, can be discovered.  The concept of relevance during discovery is necessarily broader than at trial, Mellon v. Cooper-Jarrett, Inc., 424 F.2d 499, 500-501 (6th Cir. 1970), and "[a] court is not permitted to preclude the discovery of arguably relevant information solely because if the information were introduced at trial, it would be 'speculative' at best." Coleman v. American Red Cross, 23 F.3d 1091, 1097 (6th Cir. 1994).  A district court enjoys broad discretion in managing discovery.  Lavado v. Keohane, 992 F.2d 601, 604 (6th Cir. 1993).

Information subject to disclosure during discovery need not relate directly to the merits of the claims or defenses of the parties.  Rather, it may also relate to any of the myriad of fact-oriented issues that arise in connection with the litigation.  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  On the other hand, the Court has the duty to deny discovery directed to matters not legitimately within the scope of Rule 26, and to use its broad discretionary power to protect a party or person from harassment or oppression that may result even from a facially appropriate discovery request.  See Herbert v. Lando, 441 U.S. 153, 177 (1979).  Additionally, the Court has discretion to limit or even preclude discovery which meets the general standard of relevance found in Rule 26(b)(1) if the discovery is unreasonably duplicative, or the burden of providing discovery outweighs the benefits, taking into account factors such as the importance of the requested discovery to the central issues in the case, the amount in controversy, and the parties' resources.  See Fed. R. Civ. P. 26(b)(2).  Finally, the Court notes that the scope of permissible discovery which can be conducted without leave of court has been narrowed somewhat by the December 1, 2000 amendments to the Federal Rules. Rule 26(b) now permits discovery to be had without leave of court if that

11

discovery "is relevant to the claim or defense of any party ...."
Upon a showing of good cause, however, the court may permit
broader discovery of matters "relevant to the subject matter
involved in the action." Id.

Although Ms. Ward is acting pro se without counsel, this
does not excuse her from producing discovery. In re Family
Resorts of America, Inc., 972 F.2d 347 (Table), 1992 WL 174539,
*3 (6th Cir. July 24, 1992). See also McNeil v. United States,
508 U.S. 106, 113 (1993); Black v. Columbus Public Schools, No.
2:96-cv-326, 2011 WL 1990579, *3 (S.D. Ohio May 23, 2011); Dubard
v. Buckberry, 2011 WL 1542509 (E.D. Mich. April 21, 2011). The
Court of Appeals has made clear that "while pro se litigants may
be entitled to some latitude when dealing with sophisticated
legal issues, acknowledging their lack of formal training, there
is no cause for extending this margin to straightforward
procedural requirements that a layperson can comprehend as easily
as a lawyer." Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir.
1991). Pro se litigants are not to be accorded any special
consideration when they fail to adhere to readily-comprehended
court deadlines. Id. at 110.

Ms. Ward's response to the motion to compel suggests that
she may be confusing her obligation to respond to American
Pizza's discovery requests with her request that American Pizza
make available original documents - a request to which American
Pizza has agreed. Even if it had not, the obligation to respond
to discovery is independent of any discovery or disclosure
obligation an opposing party may have. See, e.g., Kehoe
Component Sales, Inc. v. Best Lighting Products, Inc., Case No.
2:08-cv-752, 2010 WL596501, *4 (S.D. Ohio February 16, 2010).
Consequently, to the extent that Ms. Ward may believe that she is
excused from  responding to the discovery requests because, as
she sees it, American Pizza has not provided original documents

12

discovery "is relevant to the claim or defense of any party ...." Upon a showing of good cause, however, the court may permit broader discovery of matters "relevant to the subject matter involved in the action." Id.

Although Ms. Ward is acting pro se without counsel, this does not excuse her from producing discovery. In re Family Resorts of America, Inc., 972 F.2d 347 (Table), 1992 WL 174539, *3 (6th Cir. July 24, 1992). See also McNeil v. United States, 508 U.S. 106, 113 (1993); Black v. Columbus Public Schools, No. 2:96-cv-326, 2011 WL 1990579, *3 (S.D. Ohio May 23, 2011); Dubard v. Buckberry, 2011 WL 1542509 (E.D. Mich. April 21, 2011). The Court of Appeals has made clear that "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir. 1991). Pro se litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines. Id. at 110.

Ms. Ward's response to the motion to compel suggests that she may be confusing her obligation to respond to American Pizza's discovery requests with her request that American Pizza make available original documents - a request to which American Pizza has agreed. Even if it had not, the obligation to respond to discovery is independent of any discovery or disclosure obligation an opposing party may have. See, e.g., Kehoe Component Sales, Inc. v. Best Lighting Products, Inc., Case No. 2:08-cv-752, 2010 WL596501, *4 (S.D. Ohio February 16, 2010). Consequently, to the extent that Ms. Ward may believe that she is excused from  responding to the discovery requests because, as she sees it, American Pizza has not provided original documents

12

she previously requested, she is mistaken. Moreover, she does not explain how her undisputed failure to review the documents identified and made available by American Pizza has prevented her from responding to any of the discovery requests directed to her. Instead, she reiterates her request that the Court participate in the document review process. As explained above, the Court declines to do so.

There also is some indication from Ms. Ward's response that she does not want any personal information publicly disclosed. However, this is not a sufficient reason to fail to provide discovery. Such personally identifying information simply is not privileged for purposes of discovery. See generally DeMarco v. C & L Masonry, Inc., 891 F.2d 1236, 1240 (6th Cir. 1989); Credit Life Ins. Co. v. Uniworld Ins. Co., 94 F.R.D. 113, 121 (S.D Ohio 1982). Rather, the concern expressed by Ms. Ward more appropriately is addressed by means of a protective order pursuant to Fed.R.Civ.P. 26(c). Further, to the extent that Ms. Ward believes that she already has responded to certain interrogatories, she has not specifically identified these interrogatories.

Ms. Ward has offered no other reason for her failure to provide discovery nor has she provided any specific objection to any discovery request. Consequently, the motion to compel will be granted and Ms. Ward will be directed to provide the requested discovery to American Pizza within fourteen days. In the event Ms. Ward remains concerned about privacy issues, she and American Pizza can agree to a protective order restricting the use of information over which she has concerns, or she can file a motion for a protective order designed if an agreed order cannot be negotiated.

Finally, Ms. Ward is cautioned that Rule 37(b)(2(A) authorizes the imposition of sanctions, including dismissal of

she previously requested, she is mistaken.  Moreover, she does
not explain how her undisputed failure to review the documents
identified and made available by American Pizza has prevented her
from responding to any of the discovery requests directed to her.
Instead, she reiterates her request that the Court participate in
the document review process.  As explained above, the Court
declines to do so.

There also is some indication from Ms. Ward's response that
she does not want any personal information publicly disclosed.
However, this is not a sufficient reason to fail to provide
discovery.  Such personally identifying information simply is not
privileged for purposes of discovery.  See generally DeMarco v. C
& L Masonry, Inc., 891 F.2d 1236, 1240 (6th Cir. 1989); Credit
Life Ins. Co. v. Uniworld Ins. Co., 94 F.R.D. 113, 121 (S.D Ohio
1982).  Rather, the concern expressed by Ms. Ward more
appropriately is addressed by means of a protective order
pursuant to Fed.R.Civ.P. 26(c).  Further, to the extent that Ms.
Ward believes that she already has responded to certain
interrogatories, she has not specifically identified these
interrogatories.

Ms. Ward has offered no other reason for her failure to
provide discovery nor has she provided any specific objection to
any discovery request.  Consequently, the motion to compel will
be granted and Ms. Ward will be directed to provide the requested
discovery to American Pizza within fourteen days.  In the event
Ms. Ward remains concerned about privacy issues, she and American
Pizza can agree to a protective order restricting the use of
information over which she has concerns, or she can file a motion
for a protective order designed if an agreed order cannot be
negotiated.

Finally, Ms. Ward is cautioned that Rule 37(b)(2(A)
authorizes the imposition of sanctions, including dismissal of

13

the action in whole or in part, Fed.R.Civ.P. 37(b)(2)(a)(v), if a party fails to obey an order to provide or permit discovery.  The sanction of dismissal for failure to cooperate in discovery is "the sanction of last resort." <u>Beil v. Lakewood Eng'g and Mfg. Co.</u>, 15 F.3d 546, 552 (6th Cir. 1994); <u>see also</u> <u>Gray Cas. & Sur. Co. v. Holton</u>, 2011 WL 679930, *2 (W.D Tenn. January 18, 2011). In determining whether a plaintiff's failure to cooperate in discovery warrants dismissal, courts consider: "(1) whether the party acted with willfulness, bad faith or fault; (2) whether prejudice resulted from the discovery violation; (3) whether the party had been warned that her conduct could lead to extreme sanctions; and (4) whether less drastic sanctions were previously imposed or considered." <u>Holton</u>, 2011 WL 679930 at *2 citing <u>Freeland v. Amigo</u>, 103 F.3d 1271, 1277 (6th Cir. 1997); <u>Bass v. Jostens, Inc.</u>, 71 F.3d 237, 241 (6th Cir. 1995); <u>Bank One of Cleveland, N.A. v. Abbe</u>, 916 F.2d 1067, 1073 (6th Cir. 1990). While in the Court's order of January 18, 2012, Ms. Ward was warned that her failure to provide discovery responses could result in the imposition of sanctions, she was not warned specifically that dismissal of this action is a potential sanction. <u>See</u> Doc. #24.  Consequently, through this order the Court is warning Ms. Ward that her continued failure to respond to American Pizza's discovery requests may well result in sanctions, including the dismissal of this action.

## VI.  <u>Conclusion</u>

For the reasons stated above, the motion to compel (#23) is granted.  Plaintiff shall respond to American Pizza's discovery requests within fourteen days.  The remaining motions (#s 17, 19, 20, 26, 27, and 31 are denied.  The amended complaint (#27) shall be stricken from the record in this case.

## VII.  <u>Appeal Procedure</u>

Any party may, within fourteen days after this Order is

14

the action in whole or in part, Fed.R.Civ.P. 37(b)(2)(a)(v), if a party fails to obey an order to provide or permit discovery. The sanction of dismissal for failure to cooperate in discovery is "the sanction of last resort." Beil v. Lakewood Eng'q and Mfg. Co., 15 F.3d 546, 552 (6th Cir. 1994); see also Gray Cas. & Sur. Co. v. Holton, 2011 WL 679930, *2 (W.D Tenn. January 18, 2011). In determining whether a plaintiff's failure to cooperate in discovery warrants dismissal, courts consider: "(1) whether the party acted with willfulness, bad faith or fault; (2) whether prejudice resulted from the discovery violation; (3) whether the party had been warned that her conduct could lead to extreme sanctions; and (4) whether less drastic sanctions were previously imposed or considered." Holton, 2011 WL 679930 at *2 citing Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1997); Bass v. Jostens, Inc., 71 F.3d 237, 241 (6th Cir. 1995); Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1073 (6th Cir. 1990). While in the Court's order of January 18, 2012, Ms. Ward was warned that her failure to provide discovery responses could result in the imposition of sanctions, she was not warned specifically that dismissal of this action is a potential sanction. See Doc. #24. Consequently, through this order the Court is warning Ms. Ward that her continued failure to respond to American Pizza's discovery requests may well result in sanctions, including the dismissal of this action.

## VI.   Conclusion

For the reasons stated above, the motion to compel (#23) is granted. Plaintiff shall respond to American Pizza's discovery requests within fourteen days. The remaining motions (#s 17, 19, 20, 26, 27, and 31 are denied. The amended complaint (#27) shall be stricken from the record in this case.

## VII.   Appeal Procedure

Any party may, within fourteen days after this Order is

filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


/s/ Terence P. Kemp
United States Magistrate Judge

15

filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


                                    /s/ Terence P. Kemp
                                    United States Magistrate Judge

15